IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CAROL P. RICKS,
      Plaintiff,

vs.                                   Case No.: 5:12cv80/RS/EMT

GAYOLA SPROUSE,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  This action was commenced when Defendant filed what the clerk docketed as a "notice of removal from Jackson County Circuit Court" (doc. 1).  The petition for removal is not in the proper form.  In lieu of creating and submitting an original petition for removal, Defendant has used photocopies from a reference book intended to provide guidance on the format for such a petition, but which is not actually a form in and of itself.  In addition to the improper format of the petition for removal, Defendant has also failed to pay the applicable filing fee.  However, after review of Defendant's submissions, no apparent basis for federal jurisdiction exists, and because it appears that an appeal is actually pending in state court, justice would be best served by promptly dismissing this cause and remanding it back to state court.

Appended to Defendant's "petition for removal" are receipts for payments of appellate fees and copying costs in the state court, an index of pleadings from the Circuit Court of the Fourteenth Judicial Circuit in and for Jackson County, Florida that also bears the caption of the Florida First District Court of Appeals, and a copy of the "civil case progress docket" from the lower court.  From these submissions, it appears that final judgment was entered in the Circuit Court and Spouse has attempted to remove the appeal of the foreclosure action to this court (*see, e.g.,* doc. 1 at 14 reflecting notice of appeal filed December 19, 2011).

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter

jurisdiction. Fed. R. Civ. P. 12(h)(3); <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 975 (11th Cir. 2005); <u>University of South Alabama v. American Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); <u>Lovern v. Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. <u>Bochese</u>, 405 F.3d at 975 (quoting <u>University of South Alabama</u>, 168 F.3d at 410). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist. <u>Lovern</u>, 190 F.3d at 654 (citing <u>Thomas v. Gaskill</u>, 315 U.S. 442, 446 (1942)); <u>Sweet Pea Marine, Ltd. v. APJ Marine, Inc.</u>, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005); *see also* <u>Ishler v. Internal Revenue</u>, 237 Fed. Appx. 394, 395 (11th Cir. 2007) ("Ultimately, the plaintiff bears the burden of establishing subject matter jurisdiction.").

Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity. For federal question jurisdiction, violation of constitutional rights or a right created under a federal law must be alleged. 28 U.S.C. § 1331. The mere assertion of a federal claim or citation to a federal statute is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331, and in any event there has been no such citation in this case.

In light of the fact that the First District Court of Appeals had jurisdiction over this case in January of 2012, it is reasonable to conclude that Spouse has filed the petition for removal in effect seeking appellate review of the state court's decision in this court, rather than in state court. Such an attempt at removal is misguided. It is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. <u>District of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). The <u>Rooker</u> and <u>Feldman</u> decisions have become known as the <u>Rooker-Feldman</u> doctrine. Under the <u>Rooker-Feldman</u> doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]."

Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting Feldman, 460 U.S. at 486).   Therefore, there is no basis for this court to exercise jurisdiction over this action and it should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED** and that this case be remanded to the Florida First District Court of Appeals.

At Pensacola, Florida this 5th day of April 2012.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only.   A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**